IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELA GUBALA, | ) |
|     Plaintiff, | ) Civil Action No. |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| LEMIEUX GROUP, LP, t/d/b/a THE PITTSBURGH PENGUINS and PITTSBURGH COMMUNITY RINK OPERATING GP, LLC, | ) |
| | ) Electronically Filed |
|     Defendants. | ) |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, ANGELA GUBALA, by and through her attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. This is an action to redress the deprivation by the Defendant of the Plaintiff's civil rights, and in particular, the right to be free from illegal, invidious and damaging discrimination in her employment, which rights are guaranteed by the Constitution of the United States and the laws and statutes enacted pursuant thereto, and in particular, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. (as amended) ("Title VII") and the Civil Rights Act of 1991 (as amended). Declaratory relief is sought under, and by virtue of, Title 28 U.S.C. §§2201 and 2202.

2. Jurisdiction of this Honorable Court is founded upon Title 28 U.S.C. §§ 1331 and 1343(3), and by Title 42 U.S.C. §2000e.

3. Venue is proper under 28 U.S.C.A. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania and the Plaintiff resides in the Western District of Pennsylvania.

4. Plaintiff has satisfied all procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5, and in particular:

    a. Plaintiff filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") on or about October 22, 2019, and said charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC");

    b. The EEOC issued a Notice of the Right to Sue dated February 5, 2020;

    c. Plaintiff's Complaint is timely filed within 90 days of Plaintiff's receipt of the Notice of Dismissal and Right to Sue.

## PARTIES

5. Plaintiff, Angela Gubala, is an adult individual who resides in Allegheny County, Pennsylvania.

6. Defendant Lemieux Group, LP, t/d/b/a The Pittsburgh Penguins ("Penguins"), is a Pennsylvania limited partnership with a registered address of 1001 Fifth Avenue, Pittsburgh, Pennsylvania 15219.

7. At all times relevant hereto, Defendant Penguins was acting though its partners, directors, agents, subsidiaries, officers, employees and assigns acting within the full scope of their agency, office, employment or assignment.

8. Defendant, Pittsburgh Community Rink Operating GP, LLC ("PCRO"), is a Pennsylvania limited liability corporation with a registered address of 1001 Fifth Avenue, Pittsburgh, Pennsylvania 15219.

9.      Defendant PCRO is and was, at all times relevant hereto, a partnership of Defendant Penguins and conducting business at the UPMC Lemieux Sports Complex, located at 8000 Cranberry Springs Drive, Cranberry Township, Pennsylvania 16066.

10.     At all times relevant hereto, Defendant PCRO was acting though its partners, directors, agents, subsidiaries, officers, employees and assigns acting within the full scope of their agency, office, employment or assignment.

## FACTUAL ALLEGATIONS

11.     Plaintiff was employed by Defendant Penguins and Defendant PCRO, hereinafter collectively known as the "Defendant", from in or about August of 2015 until her unlawful termination on or about September 13, 2019.

12.     At the time of her unlawful termination, Plaintiff held the position of coordinator of the Youth Skating and Introductory Programs at the UPMC Lemieux Sports Complex, located at 8000 Cranberry Springs Drive, Cranberry Township, Pennsylvania 16066.

13.     In September of 2018, the Plaintiff returned to work after maternity leave. At that time, Plaintiff informed representatives of the Defendant that she was nursing her child and, therefore, needed to pump breast milk twice per day.

14.     Defendant permitted the Plaintiff to take two (2), fifteen (15) minute lactation breaks each day. The Defendant provided the Plaintiff with a list of employees that she was required to contact to be relieved of her duties for these breaks.

15.     Frequently, the employees on the list provided by the Defendant would not answer and/or would refuse to relieve the Plaintiff of her duties so that the Plaintiff could take her lactation breaks.

16.     Plaintiff informed her supervisor, Kara Radeke ("Radeke"), of these employees' multiple and frequent refusals to relieve her for lactation breaks. Despite Plaintiff's complaints, no action was taken by the Defendant.

17.     On one occasion, a male employee hung up on the Plaintiff when she contacted him to relieve her to take her lactation break.

18.     Thereafter, Plaintiff requested that employees relieve her of her duties so that the Plaintiff could take a lunch break. However, Plaintiff did this with the intention of pumping, as she believed that employees would be more willing to allow the Plaintiff to eat lunch rather than pump breast milk.

19.     Ms. Radeke reprimanded the Plaintiff for her requests, as described hereinbefore in Paragraph 18. Although the Plaintiff informed Ms. Radeke of the real reason for the aforementioned requests, Ms. Radeke stated that the Plaintiff was not permitted to take a lunch break at that time.

20.     Plaintiff also experienced additional issues with her lactation breaks, as no designated area was provided for the Plaintiff to pump breast milk during her breaks.

21.     As a result, the Plaintiff was required to pump in a shower stall and/or bathroom stall, using a trashcan as a table for the pump on numerous occasions.

22.     On more than one occasion, a male employee entered the area that the Plaintiff was pumping breast milk while the Plaintiff was pumping and/or changing.

23.     Plaintiff reported all of the issues she experienced with pumping and taking her lactation breaks, as described hereinbefore above, to Ms. Radeke. Ms. Radeke responded to the Plaintiff's concerns by simply stating, "It is what it is."

24. As a direct and proximate result of the Plaintiff's reports to her supervisor, Plaintiff was subjected to discriminatory and retaliatory comments by management, human resources and other employees, including, but not limited to, a human resources representative directly asking the Plaintiff, "Do you want to coach or do you want to pump?"

25. Plaintiff believes, and therefore avers, that, from the time she began pumping until her unlawful termination, she was subjected to a higher degree of scrutiny of her job performance by her supervisors, as a direct and proximate result of her need to pump breast milk.

26. On or about April 24, 2019, Ms. Radeke gave the Plaintiff a written warning regarding her job performance. This warning contained many false accusations which the Plaintiff was able to disprove.

27. Despite the inaccuracies contained in this written warning that were disproven by the Plaintiff, the Defendant nevertheless disciplined the Plaintiff.

28. Similarly situated male employees and female employees who were not pumping were not subjected to the same degree of scrutiny by the Defendant as the Plaintiff.

29. Plaintiff believes, and therefore avers, that she was disciplined by the Defendant for requiring lactation breaks and in retaliation for reporting to Ms. Radeke the issues she experienced with pumping and taking her lactation breaks, as described hereinbefore above.

30. On or about September 13, 2019, the Defendant unlawfully terminated the Plaintiff.

31. Defendant's stated reason for the Plaintiff's termination was alleged poor performance.

32. The reason provided by the Defendant is pretextual and unworthy of belief.

33. Plaintiff believes, and therefore avers, that she was terminated by the Defendant for requiring lactation breaks and in retaliation for reporting to Ms. Radeke the issues she experienced with pumping and taking her lactation breaks, as described hereinbefore above.

34. Similarly situated male employees and female employees who were not pumping were treated more favorably than the Plaintiff by the Defendant, were not subjected to the same level of scrutiny as the Plaintiff and have not suffered termination due to alleged poor performance.

35. Furthermore, Defendant stated in the Plaintiff's termination letter that her termination was due in part because the Plaintiff could not find sufficient childcare on short term notice in order to work overtime hours.

36. Plaintiff believes, and therefore avers, that she was discriminated against by the Defendant for being female and having a young child.

## COUNT I:

### TITLE VII - SEXUAL (GENDER) DISCRIMINATION

37. Plaintiff incorporates by reference Paragraphs 1 through 36 as though fully set forth at length herein.

38. As described hereinbefore above, Plaintiff was discriminated against based upon her sex and for exercising her right to take lactation breaks and to pump breast milk.

39. Plaintiff was discriminated against based upon her sex in that she was treated in a manner which is different than and disparate to that of male employees and female employees who were not pumping, as described hereinbefore above.

40. As a direct result of the Defendant's discriminatory actions and violations of Title VII of the Civil Rights Act of 1964, and The Civil Rights Act of 1991, the Plaintiff has lost wages and other economic benefits of her employment with the Defendant. The Plaintiff has also incurred counsel fees and other costs in pursuing her legal rights.

41. Additionally, the Plaintiff has suffered emotional, psychological, and physical distress, inconvenience, suffering, loss of reputation, humiliation and embarrassment as a direct result of

the Defendant's discriminatory conduct as described above.

42.     The actions of the Defendant, through its employees, were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

43.     The actions on part of the Defendant are part of a plan, practice or pattern of discrimination which may affect others who are similarly situated to the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a.  that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the Title VII of the Civil Rights Acts of 1964 and 1991, as amended;

b.  that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

c.  that the Court award the Plaintiff compensatory and punitive damages as a result of the Defendant violation of the Civil Rights Act of 1991;

d.  that the Court order the Defendant to return the Plaintiff to the position she held before she was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order the Defendant to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe benefits and all other rights to which she would have been entitled but for the Defendant's discriminatory conduct;

e.  that the Court award the Plaintiff pre-judgment and post judgment interest from the date of the discrimination;

f.  that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

g.  that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED.

## COUNT II:

## RETALIATION

44. Plaintiff incorporates by reference Paragraphs 1 through 43 as though fully set forth at length herein.

45. As described hereinbefore above, Plaintiff was retaliated against for engaging in protected activity including, but not limited to exercising her right to pump breast milk and reporting her issues taking lactation breaks to her supervisor.

46. Plaintiff made complaints to her supervisor of the issues she experienced taking lactation breaks.

47. The retaliatory conduct by the Defendant included, but was not limited to, discriminatory and retaliatory comments by management, subjecting the Plaintiff to a higher degree of scrutiny of her job performance and unlawfully terminating the Plaintiff.

48. As a direct result of Defendant's discriminatory actions, and in violation of Title VII, Plaintiff has lost wages and other economic benefits of her employment with the Defendant.  In addition, the Plaintiff has and/or will incur counsel fees and other costs in pursuing her legal rights.  Plaintiff has also suffered from emotional distress, inconvenience, humiliation, defamation of character and stress.

49. The actions on the part of the Defendant, through its employees, were intentional and willful and/or done with a reckless disregard of the Plaintiff.

WHEREFORE, Plaintiff requests the following:

    a.    that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the Title VII of the Civil Rights Acts of 1964 and 1991, as amended;

  b.  that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

  c.  that the Court award the Plaintiff compensatory and punitive damages as a result of the Defendant violation of the Civil Rights Act of 1991;

  d.  that the Court order the Defendant to return the Plaintiff to the position she held before she was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order the Defendant to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe benefits and all other rights to which she would have been entitled but for the Defendant's discriminatory conduct;

  e.  that the Court award the Plaintiff pre-judgment and post judgment interest from the date of the discrimination;

  f.  that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

  g.  that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT III:

<u>PENNSYLVANIA HUMAN RELATIONS ACT</u>

50. Plaintiff incorporates Paragraphs 1 through 49 as though fully set forth at length herein.

51. This is an action arising under the provisions of Pennsylvania law, to wit, Title 43 P.S. Section 951, et seq. (The "Pennsylvania Human Relations Act") and this Court has, and should exercise, pendent jurisdiction over the same because the cause of action complained of in this Count arises out of the same facts, events and circumstances as the other counts and therefore judicial economy and fairness to the parties dictate that this count be brought in the same Complaint.

52.     As more fully described hereinbefore above, the Defendant discriminated against the Plaintiff based on her sex, female.

53.     By discriminating against the Plaintiff without just cause or legal excuse and solely because of her sex and by permitting the discrimination against the Plaintiff as aforementioned, the Defendant has violated the provisions of Title 43 P.S. Section 955 which prohibits discrimination based upon sex with respect to compensation for, continuation in and tenure of, employment as well as prohibiting the aiding and abetting of such discrimination.

54.     As a direct result of the Defendant's discriminatory actions and violations of the PHRA, the Plaintiff has lost wages and other economic benefits of her employment with the Defendant. In addition, the Plaintiff has incurred counsel fees and other costs in pursuing her legal rights. The Plaintiff has also suffered from and continues to suffer emotional distress, inconvenience, humiliation, defamation of character, loss of standing among her peers and stress.

55.     As more fully set forth hereinabove, the Plaintiff has suffered, directly and solely as a result of the Defendant's discriminatory actions, great pecuniary loss and damage, as well as pain, suffering, inconvenience, damage to Plaintiff's reputation, and other damages which, together with the forgoing may be permanent in nature.  Plaintiff now suffers these damages, and will continue to suffer the same for the indefinite future.

56.     The actions on the part of the Defendant, through its employees, were intentional and willful and/or done with a reckless disregard of the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a.      that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative the PHRA

b.      that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

c.     that the Court award the Plaintiff compensatory and punitive damages as a result of the Defendant's actions being unlawful and violative of the PHRA;

d.     that the Court award the Plaintiff pre-judgement and post-judgement interest from the date of the discrimination;

e.     that the Court award the Plaintiff reasonable attorney's fees and costs of this action; and

f.     that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Law Offices of Joel Sansone
Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated: February 21, 2020