**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANGELA GUBALA, | ) | Civil Action No. 2:20-00268-CB |
| | ) | |
| Plaintiff, | ) | Judge Cathy Bissoon |
| | ) | |
| v. | ) | |
| | ) | |
| LEMIEUX GROUP, LP, t/d/b/a | ) | |
| THE PITTSBURGH PENGUINS | ) | |
| And PITTSBURGH COMMUNITY | ) | |
| RINK OPERATING GP, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**ANSWER AND DEFENSES TO COMPLAINT**</u>

Defendants Lemieux Group, LP, t/d/b/a The Pittsburgh Penguins (the "Penguins") and

Pittsburgh Community Rink Operation GP, LLC (the "PCRO")  (the Penguins and the PCRO

referred to jointly as the "Defendants") file this Answer and Defenses to the employment

discrimination Complaint filed by Angela Gubala ("Plaintiff").  Each numbered paragraph of this

Answer contains Defendants' response to the same-numbered paragraph of the Complaint.

Defendants deny each and every allegation of the Complaint not specifically admitted.

**JURISDICTION AND VENUE**

1.      Denied.  The averments in Paragraph 1 constitute conclusions of law to which no

responsive pleading is required.  To the extent a responsive pleading is required, the averments

of Paragraph 1 are denied and Defendants reserve the right to oppose the Court's assertion of

jurisdiction, in whole or in part.

2.      Denied.  The averments in Paragraph 2 constitute conclusions of law to which no

responsive pleading is required.  To the extent a responsive pleading is required, the averments

of Paragraph 2 are denied and Defendants reserve the right to oppose the Court's assertion of jurisdiction, in whole or in part.

3.     Denied.  The averments in Paragraph 3 constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the averments of Paragraph 3 are denied and Defendants reserve the right to oppose the venue of this action, in whole or in part.

4.     Admitted in part and denied in part.  With respect to Paragraph 4(a), Defendants admit only that they are in possession of a U.S. Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination signed by Plaintiff on October 16, 2019 with a fax header dated October 22, 2019.  With respect to Paragraph 4(b), Defendants admit only that they are in possession of an EEOC Dismissal and Notice of Rights dated February 5, 2020, which states in part: "Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes a violation of the statutes."  All remaining averments in Paragraph 4, including, without limitation, its subparts (a), (b), and (c), are denied because they contain conclusions of law to which no responsive pleading is required and they refer to writings that speak for themselves. Defendants deny Plaintiff's characterization or mischaracterization of the same and refers the Court to those documents directly.  Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's averments with regarding it Plaintiff's dual-filing with the Pennsylvania Human Relations Commission ("PHRC") or receipt of the Notice of Dismissal and Right to Sue.  The same are therefore denied.

## PARTIES

5.      Admitted in part and denied in part.  The PCRO admits only that Plaintiff is an adult individual.  The PCRO is without sufficient knowledge or information to form a belief as to the truth of the remaining averments in Paragraph 5.  The same are therefore denied.  The Penguins are without sufficient knowledge or information to form a belief as to the truth of any averments in Paragraph 5.  The same are therefore denied.

6.      Admitted.

7.      Denied.

8.      Admitted.

9.      Admitted in part and denied in part.  Defendants admit only that the PCRO conducts business at the UPMC Lemieux Sports Complex, located at 8000 Cranberry Springs Drive, Cranberry Township, Pennsylvania 16066.  Defendants deny all remaining averments in Paragraph 9.  By way of further response, the PCRO is a subsidiary of the Penguins.

10.      Denied.

## FACTUAL ALLEGATIONS

11.      Admitted in part and denied in part.  The PCRO admits only that it employed Plaintiff from approximately August 2015 through September 13, 2019.  The PCRO denies all remaining averments in Paragraph 11.  By way of further response, the PCRO terminated Plaintiff's employment for legitimate, lawful reasons due to Plaintiff's ongoing performance issues which Plaintiff failed to correct despite receiving multiple counseling sessions from her supervisor and a written warning.  The Penguins deny all averments in Paragraph 11.  By way of further response, the Penguins specifically deny that they employed Plaintiff, and thus lack

- 3 -

sufficient knowledge or information to form a belief as to the truth of the remaining averments in Paragraph 11.  The same are therefore denied.

12.     Admitted in part and denied in part.  The PCRO admits only that Plaintiff held the position of Coordinator, Youth Skating and Introductory Programs at the UPMC Lemieux Sports Complex, located at 8000 Cranberry Springs Drive, Cranberry Township, Pennsylvania 16066, at the time of her termination.  The PCRO denies all remaining averments in Paragraph 12.  By way of further response, the PCRO terminated Plaintiff's employment for legitimate, lawful reasons due to Plaintiff's ongoing performance issues which Plaintiff failed to correct despite receiving multiple counseling sessions from her supervisor and a written warning.  The Penguins admit only that the UPMC Sports Complex is located at 8000 Cranberry Springs Drive, Cranberry Township, Pennsylvania 16066.  The Penguins deny all remaining averments in Paragraph 12.  By way of further response, the Penguins did not employ Plaintiff, and thus lack sufficient knowledge or information to form a belief as to the truth of the remaining averments in Paragraph 12.  The same are therefore denied.

13.     Admitted in part and denied in part.  The PCRO admits that Plaintiff returned to work from her maternity leave in September 2018.  The PCRO further admits that, upon her return to work, Plaintiff requested and was granted two lactation breaks per day in order to pump breast milk.  The PCRO denies all remaining averments in Paragraph 13.  The Penguins deny all averments in Paragraph 13.  By way of further response, the Penguins did not employ Plaintiff, and thus lack sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 13.  The same are therefore denied.

- 4 -

14.     Admitted in part and denied in part.  The PCRO admits only that Plaintiff was permitted to take two (2) lactation breaks per day.  The PCRO denies all remaining averments in Paragraph 14.  By way of further response, Plaintiff's regular job duties included, *inter alia*, providing customer service at the front desk of the UPMC Lemieux Sports Complex.  In the event Plaintiff needed to take a lactation break while she was working at the front desk, the PCRO provided her with a list of employees who could cover her front desk duties during her break.  Plaintiff's supervisor also agreed to cover Plaintiff's front desk duties in the event that these employees were unavailable.  The Penguins deny all averments in Paragraph 14.  By way of further response, the Penguins did not employ Plaintiff, and thus lack sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 14.  The same are therefore denied.

15.     Denied.  The PCRO further responds that it is not aware of any incidents where Plaintiff was unable to take her requested number of lactation breaks per day.  The PCRO also responds that Plaintiff's supervisor agreed to cover Plaintiff's front desk duties in the event that the designated employees were unavailable, and in fact did so on several occasions.  The Penguins did not employ Plaintiff, and thus lack sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 15.  The same are therefore denied.

16.     Denied.  The PCRO further responds that, in February 2019, Plaintiff informed her supervisor, Kara Radeke, that she wanted a consistent lactation break schedule so that employees could be scheduled each day to cover her front desk duties.  Radeke granted Plaintiff's requested 10:30 a.m. and 2:00 p.m. lactation break schedule and ensured that employees were scheduled to cover Plaintiff's front desk duties every day.  The Penguins did not

employ Plaintiff, and thus lack sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 16.  The same are therefore denied.

17.     Denied.  The PCRO is unaware of any incidents where a male employee hung up on Plaintiff when she contacted him to relieve her to take her lactation break, and thus lacks sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 17.  The same are therefore denied.  The Penguins did not employ Plaintiff, and thus lack sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 17.  The same are therefore denied.

18.     Denied.  The PCRO further responds that, on or around November 30, 2018 Plaintiff e-mailed employees requesting front desk coverage so that she could take a lunch break.  The PCRO lacks knowledge or information to form a belief about the truth of Plaintiff's intentions or beliefs regarding her request for front desk coverage, and therefore also denies the averments in Paragraph 18 on that basis.  The Penguins did not employ Plaintiff, and thus lack sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 18.  The same are therefore denied.

19.     Denied.  The PCRO further responds that, upon receiving Plaintiff's November 30, 2018 e-mail to employees requesting front desk coverage for a lunch break, Plaintiff's supervisor Kara Radeke e-mailed Plaintiff seeking clarification as to whether Plaintiff was requesting coverage for an extended lunch break or a lactation break.  When Plaintiff clarified that she planned to take a lactation break after her lunch break, Radeke responded, "Sounds good."  Plaintiff was never reprimanded in any way for this request and, in fact, was permitted to take both her lunch break and a lactation break that day.  The Penguins did not employ Plaintiff, and thus lack sufficient

knowledge or information to form a belief as to the truth of the averments in Paragraph 19.  The same are therefore denied.

20.     Denied.  The PCRO further responds that Plaintiff was provided a designated, private room with a door that locked, which was not a bathroom, to take her lactation breaks. The PCRO also provided Plaintiff with a sign to hang outside the room to notify others not to enter.  The Penguins did not employ Plaintiff, and thus lack sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 20.  The same are therefore denied.

21.     Denied.  The PCRO further responds that Plaintiff was provided a designated, private room with a door that locked, which was not a bathroom, to take her lactation breaks. The PCRO also provided Plaintiff with a sign to hang outside the room to notify others not to enter.  Further, the PCRO is not aware of any incidents where Plaintiff was required to pump in a shower stall or bathroom or use a trashcan as a table.  The Penguins did not employ Plaintiff, and thus lack sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 21.  The same are therefore denied.

22.     Denied.  The PCRO is not aware of any incidents where a male employee entered the area that Plaintiff was pumping breast milk while Plaintiff was pumping and/or changing, and thus lacks sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 22.  The same are therefore denied.  The Penguins did not employ Plaintiff, and thus lack sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 22.  The same are therefore denied.

23.     Denied.  The PCRO denies all averments in Paragraph 23.  The Penguins did not employ Plaintiff, and thus lack sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 23.  The same are therefore denied.

24.     Denied.  The PCRO denies all averments in Paragraph 24.  The Penguins did not employ Plaintiff, and thus lack sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 24.  The same are therefore denied.

25.     Denied.  The PCRO further responds that Plaintiff was subject to the same job requirements and performance standards as all other similarly situated employees.  The PCRO lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's beliefs with respect to her job performance standards, and therefore also denies the averments in Paragraph 25 on that basis.  The Penguins did not employ Plaintiff, and thus lack sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 25.  The same are therefore denied.

26.     Admitted in part and denied in part.  The PCRO admits only that on or about April 24, 2019, Ms. Radeke issued Plaintiff a written warning for unacceptable job performance and unacceptable personal conduct.  The PCRO denies all remaining averments in Paragraph 26.  The Penguins did not employ Plaintiff, and thus lack sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 26.  The same are therefore denied.

27.     Admitted in part and denied in part.  The PCRO admits only that it disciplined Plaintiff when it issued the written warning for unacceptable job performance and unacceptable personal conduct.  The PCRO denies all remaining averments in Paragraph 27.  The Penguins did not employ Plaintiff, and thus lack sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 27.  The same are therefore denied.

28.     Denied.  The PCRO further responds that Plaintiff was subject to the same performance standards as all other similarly situated employees.  The Penguins did not employ Plaintiff, and thus lack sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 28.  The same are therefore denied.

29.     Denied.  The PCRO further responds that Plaintiff was subject to the same job requirements and performance standards as all other similarly situated employees.  The PCRO lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's beliefs with respect to her job performance standards, and therefore also denies the averments in Paragraph 29 on that basis.  The Penguins did not employ Plaintiff, and thus lack sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 29.  The same are therefore denied.

30.     Admitted in part and denied in part.  The PCRO admits only that it terminated Plaintiff's employment on or about September 13, 2019.  The PCRO denies all remaining averments in Paragraph 30.  The Penguins did not employ Plaintiff, and thus lack sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 30.  The same are therefore denied.

31.     Admitted in part and denied in part.  The PCRO admits only that it terminated Plaintiff's employment due to unsatisfactory job performance.  The PCRO denies all remaining averments in Paragraph 31.  The Penguins did not employ Plaintiff, and thus lack sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 31.  The same are therefore denied.

32.     Denied.  The averments in Paragraph 32 constitute conclusions of law to which no responsive pleading is required.  To the extent responsive pleading is required, the PCRO denies

all averments in Paragraph 32.  The Penguins did not employ Plaintiff, and thus lack
sufficient knowledge or information to form a belief as to the truth of the averments in
Paragraph 32.  The same are therefore denied.

33.     Denied.  The PCRO further responds that, per Plaintiff's request, Plaintiff
had stopped taking lactation breaks prior to her employment termination.  The PCRO
lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's
beliefs with respect to the reasons for her termination, and therefore also denies the
averments in Paragraph 33 on that basis.  The Penguins did not employ Plaintiff, and thus
lack sufficient knowledge or information to form a belief as to the truth of the averments
in Paragraph 33.  The same are therefore denied.

34.     Denied.  The PCRO further responds that Plaintiff was subject to the same
job requirements and performance standards as all other similarly situated employees.
The PCRO lacks sufficient knowledge or information to form a belief as to the truth of
Plaintiff's beliefs with respect to her job performance standards, and therefore also denies
the averments in Paragraph 34 on that basis.  The Penguins did not employ Plaintiff, and
thus lack sufficient knowledge or information to form a belief as to the truth of the
averments in Paragraph 34.  The same are therefore denied.

35.     Denied.  The PCRO denies all averments in Paragraph 35.  The Penguins
did not employ Plaintiff, and thus lack sufficient knowledge or information to form a
belief as to the truth of the averments in Paragraph 35.  The same are therefore denied.

36.     Denied.  The averments in Paragraph 36 constitute conclusions of law to
which no responsive pleading is required.  To the extent responsive pleading is required,
the PCRO denies all averments in Paragraph 36.  The PCRO lacks sufficient knowledge

or information to form a belief as to the truth of Plaintiff's beliefs with respect to the reasons for her employment termination, and therefore also denies the averments in Paragraph 36 on that basis.  The Penguins did not employ Plaintiff, and thus lack sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 36.  The same are therefore denied.

**COUNT I:**

**<u>TITLE VII – SEXUAL (GENDER) DISCRIMINATION</u>**

37.     Paragraph 37 is an incorporation paragraph which requires no responsive pleading.  To the extent a response is required, Defendants deny the averments of Paragraph 37 and incorporate by reference Paragraph 1 through 36 of their Answer as though fully set forth at length herein.

38.     Denied.  The averments in Paragraph 38 constitute conclusions of law to which no responsive pleading is required.  To the extent responsive pleading is required, the PCRO denies all averments in Paragraph 38.  The Penguins did not employ Plaintiff, and thus lack sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 38.  The same are therefore denied.

39.     Denied.  The averments in Paragraph 39 constitute conclusions of law to which no responsive pleading is required.  To the extent responsive pleading is required, the PCRO denies all averments in Paragraph 39.  The Penguins did not employ Plaintiff, and thus lack sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 39.  The same are therefore denied.

40.     Denied.  The averments in Paragraph 40 constitute conclusions of law to which no responsive pleading is required.  To the extent responsive pleading is required, Defendants deny

all averments in Paragraph 40.

      41.    Denied.  The averments in Paragraph 41 constitute conclusions of law to which no responsive pleading is required.  To the extent responsive pleading is required, Defendants deny all averments in Paragraph 41.

      42.    Denied.  The averments in Paragraph 42 constitute conclusions of law to which no responsive pleading is required.  To the extent responsive pleading is required, Defendants deny all averments in Paragraph 42.

      43.    Denied.  The averments in Paragraph 43 constitute conclusions of law to which no responsive pleading is required.  To the extent responsive pleading is required, Defendants deny all averments in Paragraph 43.

      The paragraph, including subparts (a) through (g), following Paragraph 43 is a prayer for relief to which no responsive pleading is required.  To the extent responsive pleading is required, Defendants deny that Plaintiff is entitled to any of the relief sought.

## COUNT II:

## RETALIATION

      44.    Paragraph 44 is an incorporation paragraph which requires no responsive pleading.  To the extent a response is required, Defendants deny the averments of Paragraph 44 and incorporate by reference Paragraph 1 through 44 of their Answer as though fully set forth at length herein.

      45.    Denied.  The averments in Paragraph 45 constitute conclusions of law to which no responsive pleading is required.  To the extent responsive pleading is required, Defendants deny all averments in Paragraph 45.

46.     Denied.  The PCRO denies all averments in Paragraph 46.  The Penguins did not employ Plaintiff, and thus lack sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 46.  The same are therefore denied.

47.     Denied.  The averments in Paragraph 47 constitute conclusions of law to which no responsive pleading is required.  To the extent responsive pleading is required, The Defendants deny all averments in Paragraph 47.  The PCRO further responds that Plaintiff was subject to the same job performance standards as all other similarly situated employees. The Penguins further respond that it did not employ Plaintiff, and thus lack sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 47. The same are therefore denied.

48.     Denied.  The averments in Paragraph 48 constitute conclusions of law to which no responsive pleading is required.  To the extent responsive pleading is required, Defendants deny all averments in Paragraph 48.

49.     Denied.  The averments in Paragraph 49 constitute conclusions of law to which no responsive pleading is required.  To the extent responsive pleading is required, Defendants deny all averments in Paragraph 49.

The paragraph, including subparts (a) through (g), following Paragraph 49 is a prayer for relief to which no responsive pleading is required.  To the extent responsive pleading is required, Defendants deny that Plaintiff is entitled to any of the relief sought.

## COUNT III:

## <u>PENNSYLVANIA HUMAN RELATIONS ACT</u>

50.     Paragraph 50 is an incorporation paragraph which requires no responsive pleading.  To the extent a response is required, Defendants deny the averments of Paragraph 50 and incorporate by reference Paragraph 1 through 49 of their Answer as though fully set forth at length herein.

51.     Denied.  The averments in Paragraph 51 constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the averments of Paragraph 51 are denied and Defendants reserve the right to oppose the Court's assertion of jurisdiction, in whole or in part.

52.     Denied.  The averments in Paragraph 52 constitute conclusions of law to which no responsive pleading is required.  To the extent responsive pleading is required, Defendants deny all averments in Paragraph 52.

53.     Denied.  The averments in Paragraph 53 constitute conclusions of law to which no responsive pleading is required.  To the extent responsive pleading is required, Defendants deny all averments in Paragraph 53.

54.     Denied.  The averments in Paragraph 54 constitute conclusions of law to which no responsive pleading is required.  To the extent responsive pleading is required, Defendants deny all averments in Paragraph 54.

55.     Denied.  The averments in Paragraph 55 constitute conclusions of law to which no responsive pleading is required.  To the extent responsive pleading is required, Defendants deny all averments in Paragraph 55.

56.     Denied.  The averments in Paragraph 56 constitute conclusions of law to which no responsive pleading is required.  To the extent responsive pleading is required, Defendants deny all averments in Paragraph 56.

The paragraph, including subparts (a) through (g), following Paragraph 56 is a prayer for relief to which no responsive pleading is required.  To the extent responsive pleading is required, Defendants deny that Plaintiff is entitled to any of the relief sought.

## ADDITIONAL DEFENSES

By way of further response to Plaintiff's Complaint, Defendants set forth the following defenses, as the latter are defined in Fed. R. Civ. P. 8(c), without assuming any burden of proof that it does not have as a matter of law:

### FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim against Defendants upon which relief can be granted.

### SECOND DEFENSE

The Complaint, in whole or in part, fails to state an actionable claim against Defendant Lemieux Group, LP, t/d/b/a The Pittsburgh Penguins because it did not employ Plaintiff.

### THIRD DEFENSE

Defendants did not violate any law, violate any right of Plaintiff, or harm Plaintiff in any way.  To the contrary, Defendants acted in good faith and had reasonable grounds for believing its conduct violated no law.

**FOURTH DEFENSE**

Defendants did not discriminate against Plaintiff on the basis of sex, pregnancy-related conditions, or any other characteristic protected by law.

**FIFTH DEFENSE**

Plaintiff did not engage in any activity protected by Title VII of the Civil Rights Act of 1964 ("Title VII") or the PHRA.

**SIXTH DEFENSE**

Any and all actions taken or decisions made by Defendants concerning Plaintiff were based on legitimate, non-discriminatory and non-retaliatory business reasons.

**SEVENTH DEFENSE**

Plaintiff cannot show that Defendants' legitimate business reasons for the alleged adverse employment actions concerning Plaintiff were pretext for unlawful discrimination or retaliation.

**EIGHTH DEFENSE**

To the extent Plaintiff claims that her employment was altered based, in part, on illegal factors, the same employment decisions would have been made based on the legal factors.

**NINTH DEFENSE**

Plaintiff cannot show that Defendants retaliated against Plaintiff but for the alleged protected activity and, in fact, Defendants did not retaliate against Plaintiff for such protected activity.

**TENTH DEFENSE**

Plaintiff is not entitled to and may not recover the relief sought in the Complaint.

**ELEVENTH DEFENSE**

If Plaintiff suffered any loss or damage, which Defendants deny, any such loss or damage was caused by Plaintiff's own conduct and not by any alleged conduct by Defendants.

- 16 -

**TWELFTH DEFENSE**

Plaintiff does not have any statutory or other basis for recovering compensatory damages, humiliation, mental pain and suffering or any other relief in this matter.

**THIRTEENTH DEFENSE**

No action of Defendants with respect to Plaintiff constituted a willful or reckless disregard of Plaintiff's rights and, indeed, at all times, Defendants acted diligently to uphold Plaintiff's rights under Title VII, the PHRA, and any other applicable statute through the widespread dissemination and enforcement of its anti-discrimination, anti-harassment, and anti-retaliation policies.  Accordingly, Plaintiff is not entitled to punitive, liquidated, or any other damages.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred or limited, in whole or in part, by the applicable statutory limitations periods and/or the doctrines of waiver, laches, and/or estoppel.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred in whole or in part by Plaintiff's failure to timely and properly exhaust all necessary administrative, statutory and/or jurisdictional remedies and prerequisites to the commencement of this action.

**SIXTEENTH DEFENSE**

Plaintiff's claims for damages are barred or limited, in whole or in part, to the extent that Plaintiff failed to mitigate her alleged damages.

**SEVENTEENTH DEFENSE**

Plaintiff's claims for damages are barred or limited, in whole or in part, by the after-acquired evidence doctrine.

## EIGHTEENTH DEFENSE

Plaintiff's claims for punitive damages are insufficient as a matter of law and, under the circumstances of this action, would violate the United States and Pennsylvania Constitutions.

## OTHER DEFENSES

Defendants reserve the right to add additional defenses as they may become known through discovery or investigation.

WHEREFORE, Defendants deny any liability to Plaintiff and deny that Plaintiff has a right to any relief, including that sought in the Complaint.  Defendants therefore respectfully request that the Court enters judgment in Defendants' favor and against Plaintiff, dismiss the Complaint in its entirety and with prejudice, and award Defendants their attorney's fees, costs and such other and further relief as the Court deems equitable and just.


Dated:  June 12, 2020

Respectfully submitted,

REED SMITH LLP

*/s/ James F. Glunt*
James F. Glunt (Pa. ID 85555)
Claire E. Throckmorton (Pa. ID 321125)
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, Pennsylvania  15222
T:  (412) 288-4121/7278
F:  (412) 288-3063
E:  jglunt@reedsmith.com
      cthrockmorton@reedsmith.com

*Attorney for Defendants Lemieux Group,*
*LP, t/d/b/a The Pittsburgh Penguins and*
*Pittsburgh Community Rink Operating GP,*
*LLC*

- 18 -

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that, on June 12, 2020, the foregoing *Answer and Defenses to Complaint* was filed electronically with the Court.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system, and the parties may access this filing through the Court's system.

/s/ *James F. Glunt*
*Attorney for Defendants Lemieux Group,*
*LP, t/d/b/a The Pittsburgh Penguins and*
*Pittsburgh Community Rink Operating GP,*
*LLC*